Ralph Perkins, Katharine Perkins, Trustees, Transfers of Gertrude H. Haskell v. Commissioner. Sallie Perkins, Beneficiary, Transferee of Gertrude H. Haskell v. Commissioner.
Perkins v. Commissioner
Docket Nos. 109390, 109391.
United States Tax Court
1943 Tax Ct. Memo LEXIS 460; 1 T.C.M. (CCH) 714; T.C.M. (RIA) 43072; February 9, 1943
*460 Held, that a gift of a future interest was provided by a trust instrument, and no exclusion from the amount of gifts is permissible under section 504 (b), Revenue Act of 1932; Commissioner v. Brandegee, 123 Fed. (2d) 58, Helvering v. Blair, 121 Fed. (2d) 945, held, further, that assessment is not barred against the donees as transferees, the deficiency notice being mailed within four years from date of filing gift tax return by the donor. Evelyn N. Moore, 1 T.C. 14. Henry M. Groves, C.P.A., 1212 Citizens Bldg., Cleveland, O., for the petitioners. Lawrence R. Bloomenthal, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: These cases, duly consolidated, involve a deficiency determined in gift tax for the calendar year 1937, in the amount of $1,762.50, against the petitioners as transferees. All facts were stipulated and we adopt the stipulation by reference and find the facts therein set forth. Omitting formal parts and a trust instrument thereto attached as a part thereof, the stipulation provides: [The Facts] On June 2, 1937, Gertrude H. Haskell, a resident of Cleveland, Ohio, *461 transferred 2,000 shares of the no par value common stock of the M. A. Hanna Company, an Ohio corporation, having a fair market value on that date of $72,500, to Ralph Perkins, her son-in-law, and Katharine Perkins, her daughter, as trustees for the benefit of her granddaughter, Sallie Perkins. The foregoing transfer in trust was a gift and wholly without consideration to the donor. Among other things, the trust agreement, executed on June 2, 1937, by the said Gertrude H. Haskell, provided for the distribution of net income and principal of the trust estate in the following manner: DISTRIBUTION OF INCOME AND PRINCIPAL 1. Until my granddaughter, Sallie Perkins, shall reach the age of twenty-five (25) years, the net income derived from the trust estate, or from any residue thereof in the event any distribution or distributions are made under the provisions of the paragraph number 5 of this Section IV, shall be accumulated by the Trustees and added to and become a part of the corpus of the trust estate; provided, however, that the Trustees shall have, and they are hereby given, the right during such period in their absolute and unqualified discretion either to pay to my said *462 granddaughter all or any part of the net income from the trust estate, or expend or apply any part of such net income for the support, maintenance, education or benefit of my said granddaughter. 2. After my said granddaughter reaches the age of twenty-five (25) years, and until she reaches the age of forty (40) years, the Trustees shall pay to her each year, quarterly or oftener, the net income of the trust estate. This trust shall terminate when my said granddaughter reaches the age of forty (40) years and the Trustees shall thereupon convey, assign, transfer and deliver to her the trust estate then in their possession. Sallie Perkins, the beneficiary under the trust agreement dated June 2, 1937, is the daughter of Ralph and Katharine Perkins, the trustees under said trust instrument, and was less than one month old on June 2, 1937. On or about March 14, 1938, Gertrude H. Haskell filed a gift tax return for the calendar year 1937 with the collector of internal revenue, eighteenth Ohio district, at Cleveland, Ohio, and paid the tax shown on said return. In her said gift tax return, Gertrude H. Haskell reported total taxable gifts for 1937 in the amount of $72,500, less an exclusion *463 of $5,000 for the above-mentioned gift in trust for the benefit of Sallie Perkins. On June 2, 1937, Gertrude H. Haskell was solvent and she has remained solvent at all times subsequent thereto. The Commissioner did not send a notice of deficiency relative to gift tax for the calendar year 1937 to the said Gertrude H. Haskell on or before March 16, 1941. The deficiency in controversy has been asserted by the Commissioner solely because he contends that the gift in trust to Ralph and Katharine Perkins, trustees for Sallie Perkins, beneficiary, on June 2, 1937, was a gift of a future interest so that the donor was not entitled to an exclusion of $5,000 as claimed in her gift tax return for the calendar year 1937. The notices of deficiency from which these appeals are taken were mailed to respective petitioners herein on September 18, 1941. The additional gift tax liability asserted against the petitioners herein is fully outstanding and has never been discharged by the donor, Gertrude H. Haskell, nor by the petitioners herein. No suit or proceeding for the collection thereof has been begun other than the present proceeding. Ralph and Katharine Perkins, trustees, and Sallie Perkins, *464 beneficiary, have possession of the gift made by Gertrude H. Haskell on June 2, 1937, or its equivalent in money or other property. We further find, from admitted allegations of the pleadings, that no assessment has been made against Gertrude H. Haskell for the deficiency in gift tax. [Opinion] The questions for consideration are, first, whether the interest of the petitioners under the trust instrument was a present interest under section 504 (b), Revenue Act of 1932 [1], entitling the donor to a $5,000 exclusion; and, second, whether, in case the Commissioner is held to have properly disallowed the exclusion, on the ground that the interest donated was that of a future interest, he is barred from collecting from the petitioners as transferees from the donor. We consider the questions in the above order. The pertinent language *465 of the trust instrument is set forth in the stipulation and appears above. Therefrom it is immediately apparent that trust income was to be accumulated until the beneficiary should reach the age of 25 years; also, that the trustees are given the right during such period in their absolute and unqualified discretion either to pay the beneficiary all or any part of the net trust income, or expend or apply any part thereof for the support, maintenance, education, or benefit of the beneficiary. During the taxable year the beneficiary was a minor. Upon consideration of trust provisions essentially the same as those above, providing for accumulation of trust income subject to discretionary application by trustee for the benefit of the beneficiary, the conclusion that the interest donated was future was arrived at in the following cases: (1st Cir.); (7th Cir.); (5th Cir.); (2d Cir.); *466 (2d Cir.); (1st Cir.). We held that the same in , but in , the United States Circuit Court of Appeals for the Eighth Circuit reversed, holding in effect that there was no specific provision of the trust instrument for accumulation or postponement and that the dominant purpose of the settlor, as gathered from the whole instrument, repelled the idea of either. In (250), we followed , in a case involving distribution within trustees' discretion, and held the interest conveyed to be future. To the same effect is . Considering the fact that in the trust instrument here being construed there is a specific provision for accumulation (until the beneficiary reaches the age of 25 years) and in the light of the several decisions above cited, *467 we conclude and hold, with all respect for the conclusion in , that the interest donated was a future interest, entitling to no exclusion under section 504 (b) of the Revenue Act of 1932. The petitioners contend, however, in effect, that even if the interest conveyed was future, no deficiency on account thereof is here proper, because more than three years elapsed after the filing of a gift tax return on March 14, 1938, by the donor, Gertrude H. Haskell, before any proceedings were instituted by the Commissioner against the petitioners here, and further that the donor is admitted to have been solvent at all times; and that therefore assessment against the petitioners is barred under section 275 (a), Revenue Act of 1936. The present proceedings were instituted within one year after the end of the three-year limitation period, relied upon by the petitioners, the notice of deficiency here involved having been mailed on September 18, 1941. The question here is therefore covered by your opinion in , for therein we held that since section 510, Revenue Act of 1932 [2], makes *468 a donee personally liable for gift tax to the extent of the value of the gift, and since under section 526 (f), of the same Act [3] a transferee is a donee, liability of the donee in equity is unnecessary, and the period of limitation for collection from a transferee being one year after expiration of the limitation period as to the donor, under section 526 (b), Revenue Act of 1932 [4], a notice of deficiency mailed to the donee within that one-year period is timely. We hold that the statute of limitation has not run in favor of the petitioners. *469 Decision will be entered for the respondent. Footnotes
1. SEC. 504. NET GIFTS * * * * *
(b) Gifts Less Than $5,000. - In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such persons shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.↩
2. SEC. 510. LIEN FOR TAX The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift. Any part of the property comprised in the gift sold by the donee to a bona fide purchaser for an adequate and full consideration in money or money's worth shall be divested of the lien herein imposed and the lien, to the extent of the value of such gift, shall attach to all the property of the donee (including after-acquired property) except any part sold to a bona fide purchaser for an adequate and full consideration in money or money's worth. If the Commissioner is satisfied that the tax liability has been fully discharged or provided for, he may, under regulations prescribed by him with the approval of the Secretary, issue his certificate, releasing any or all of the property from the lien herein imposed. ↩
3. SEC. 526. TRANSFERRED ASSETS * * * * *
(f) Definition of "Transferee." - As used in this section, the term "transferee" includes donee, heir, legatee, devisee, and distributee. ↩
4. SEC. 526. TRANSFERRED ASSETS * * * * *
(b) Period of Limitation. - The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows: (1) Within one year after the expiration of the period of limitation for assessment against the donor. (2) If a court proceeding against the donor for the collection of the tax has been begun within the period provided in paragraph (1), - then within one year after return of execution in such proceeding.↩